# In the United States District Court
# for the
# Western District of Texas

| GWENDOLYN NAAG HANFORD | § § § § § § | 08-CV-795 |
|---|---|---|
| v. | | |
| MICHAEL CHERTOFF, et al. | | |

ORDER

On this day came on to be considered Defendants' motion to dismiss (docket no. 12).

## Background

In this action, Plaintiff challenges Defendants' determination that, as a matter of law, Plaintiff lost her status as the alien spouse of a United States citizen when her spouse died while Plaintiff's permanent residency application was filed and awaiting agency action.

In their motion to dismiss, Defendants contend that the Court lacks jurisdiction and should dismiss this action because: (1) Plaintiff's complaint is barred by the statute of limitations; and (2) the Immigration Judge has exclusive jurisdiction over this case because the United States Citizenship and Immigration Services instituted removal proceedings against Plaintiff on November 14, 2008. In addition, Defendants argue that this Court should dismiss because: (1) Defendants' decision was correct as a matter of law; and/or

(2) the Defendants' decision should be affirmed under principles of *Chevron* deference.

The facts in this case are undisputed. Ms. Hanford is a citizen of the Philippines. She legally entered the United States on a K-1 visa (fiancee of a U.S. citizen) on October 15, 1996. On December 12, 1996, she married Stewart Allen Hanford, a U.S. citizen. Thereafter, she filed a Form I-485, Application to Register for Permanent Residence. Mr. Hanford died on January 8, 1998. On May 9, 2002, the USCIS denied Plaintiff's Application to Register for Permanent Residence because she was no longer the spouse of a U.S. citizen. On September 25, 2008, Plaintiff filed her Complaint in this Court seeking declaratory and injunctive relief. On November 3, 2008, removal proceedings were initiated against her when a Notice to Appear before an Immigration Judge was served.

## Analysis

**Limitations Argument**

Defendants argue that Plaintiff's claim is barred by the six-year limitations period set forth in 28 U.S.C. § 2401(a). Defendants argue that the limitations period began when Plaintiff's application was denied (May 9, 2002). Plaintiff responds that she was a putative class member in a class action styled *Hootkins v. Chertoff*, filed in the Central District of California on August 30, 2007. Plaintiff argues that pursuant to *Crown Cork & Seal Co. v. Parker*, 462 U.S. 345 (1983), her limitations claim should be tolled for 10 months (from the date the class action was filed until June 30, 2008, the date the Central District

of California concluded the class action would be limited to a class of individuals residing in the Ninth Circuit). The Defendants argue that Plaintiff cannot avail of any tolling of limitations because *Hootkins* did not define a class that applies to Plaintiff. Defendants' position is incorrect. The First Amended Complaint in *Hootkins* petitions the Court to "reopen and readjudicate the (i) adjustment of status applications (I-485 applications) that plaintiffs-petitioners filed as immediate relative spouses of U.S. citizens…." Defendants' motion to dismiss on limitations grounds is denied.

**Defendants' argument that Plaintiff has failed to exhaust her administrative remedies and accordingly this Court lacks jurisdiction**

Defendants, relying upon 8 U.S.C. § 1252, argue that because Plaintiff was issued a Notice to Appear and placed into removal proceedings by the USCIS, this Court lacks jurisdiction. Specifically, they appear to argue that Plaintiff must re-apply for adjustment of status before the Immigration Judge in the course of her removal proceedings. They argue that she has failed to do so and accordingly she has not exhausted her administrative remedies.

As stated above, in this case Plaintiff was denied her application in 2002. Prior to her filing of the Complaint in this Court, the immigration authorities had not filed any removal proceedings against Plaintiff. Accordingly Plaintiff was unable to exhaust any additional administrative requirements prior to the filing of this lawsuit. Defendants' motion to dismiss based on any failure to exhaust is denied.

**District Court Jurisdiction**

This Court has jurisdiction under 28 U.S.C. § 1331 and Section 704 of the APA, 5 U.S.C. § 704, to review the meaning of the term "immediate relative." Because this is a "purely legal question and does not implicate agency discretion," the INA's jurisdictional bar, 8 U.S.C. § 1252, is not applicable. *See Robinson v. Napolitano*, 554 F.3d 358, 360 (3rd Cir. 2009).

**Statutory Scheme**

The statutory scheme involved in this case was summarized in *Choin v. Mukasey*, 537 F.3d 1116 (9th Cir. 2008) as follows:

> [I]n response to certain marriage fraud concerns, Congress enacted the Immigration Marriage Fraud Amendments ("IMFA"). Pub.L. No. 99-639. The IMFA deleted the language that made adjustment of status for K visaholders automatic, and therefore required K visaholders, like other nonimmigrants, to adjust their status through the Immigration and Nationality Act ("INA") § 245. See 8 U.S.C. § 1255. Congress also added INA § 245(d), which provided that K visaholders could adjust to permanent resident status only "as a result of the marriage of the nonimmigrant ... to the citizen who filed [the K visa petition]." 8 U.S.C. § 1255(d). This means that an immigrant entering the country on a K visa cannot adjust her status to that of a permanent resident based on a marriage to a person other than her original fiancé, or on any other basis. The IMFA also added a new fourth step to the process. Now, K visaholders can first adjust only to conditional permanent resident status. 8 U.S.C. § 1255(d). Section 216 of the INA now provides that, for the first two years of permanent resident status, spouses of U.S. citizens are only conditional permanent residents. Upon the two-year anniversary of gaining conditional permanent resident status, the couple can jointly petition to have the non-citizen's conditional tag removed. 8 U.S.C. § 1186a(c)(1)(A). In the joint petition, the couple must affirm that they are still married and that they did not enter into marriage for immigration purposes. 8 U.S.C. § 1186a(d)(1). They must also provide information about their place of residence and their employment history over the previous two years. *Id*. If the non-citizen is unable to file the joint

4

> petition because her marriage has ended, she may apply for a waiver of the petition requirement by attesting that her marriage was entered into in good faith. 8 U.S.C. § 1186(c)(4)(B).

*Choin v. Mukasey*, 537 F.3d at 1118-19.

Plaintiff herein seeks declaratory and injunctive relief declaring that Plaintiff remains an alien spouse under 8 U.S.C. § 1186a(g)(1)(B) and is eligible for adjustment of her status under 8 U.S.C. § 1255(d).

There are few cases discussing this issue and this Court has not been directed to any Fifth Circuit cases. It appears the Ninth Circuit has concluded that widows maintain the ability to qualify as an "immediate relative" under 8 U.S.C. § 1151(b)(2)(A)(i). *See Freeman v. Gonzales*, 444 F.3d 1031 (9th Cir. 2006).[1]

The First Circuit has likewise concluded that widows or surviving spouses maintain the ability to file a petition for adjustment. *See Neang Chea Taing v. Napolitano*, --- F.3d ----, 2009 WL 1395836 (1st Cir. May 20, 2009)(affirming the district court, the First Circuit stated: "We do not believe that Congress intended for the speed at which immigration authorities attend to a pending application to be dispositive in determining when a surviving spouse like Mrs. Taing, who has diligently followed the rules, can qualify as an 'immediate relative.' We recognize that given the volume of cases, it may take many months for the

---

[1] Further, the Ninth Circuit has found that INA § 245(d) does not make K visaholders automatically ineligible to adjust to conditional permanent resident status if they get divorced before their application for adjustment of status is adjudicated. *See Choin v. Mukasey*, 537 F.3d 1116 (9th Cir. 2008); *Ginocchio v. Mukasey*, 289 Fed. Appx. 234 (9th Cir. 2008).

immigration authorities to consider a pending application; however, this fact is outside an applicant's control and should not be used to penalize her. As our sister court has recently noted, the result the government seeks would 'create[] an arbitrary, irrational and inequitable outcome in which approvable petitions will be treated differently depending solely upon when the government grants the approval.'"). The Sixth Circuit has recently followed the reasoning set forth in the above cases. *See Lockhart v. Napolitano*, 561 F.3d 611 (6th Cir. 2009) (affirming the district court and concluding alien-spouse, whose citizen-spouse filed the necessary "immediate relative" petition form under 8 U.S.C. §§ 1187, 1255(c)(4), but died within two years of the qualifying marriage, qualifies as a spouse under the "immediate relative" provision of the INA).

Defendants, relying upon 8 U.S.C. § 1255(d)[2], argue that upon Mr. Hanford's death Plaintiff was statutorily ineligible to adjust her status. The only case this Court could locate for support of this position is *Robinson v. Napolitano*, 554 F.3d 358 (3d Cir. 2009) ("eligibility for an immediate relative visa depends upon the alien's status at the time USCIS adjudicates the I-130 petition, not when that petition was filed").

For purposes of this Order, the Court need not reach any decision at this

---

[2] 8 U.S.C. § 1255(d) states: "The Attorney General may not adjust, under subsection (a) of this section, the status of an alien lawfully admitted to the United States for permanent residence on a conditional basis under section 1186a of this title. The Attorney General may not adjust, under subsection (a) of this section, the status of a nonimmigrant alien described in section 1101(a)(15)(K) of this title except to that of an alien lawfully admitted to the United States on a conditional basis under section 1186a of this title as a result of the marriage of the nonimmigrant (or, in the case of a minor child, the parent) to the citizen who filed the petition to accord that alien's nonimmigrant status under section 1101(a)(15)(K) of this title."

6

time as to which Circuit opinion should apply. That is the subject of Plaintiff's motion for summary judgment. Defendants are ordered to file a response to the motion for summary judgment within ten days from the date this Order is filed. All parties should clearly set forth the procedural background in this case (e.g. was an I-130 filed, did both Mr. and Mrs. Hanford file the I-485 application, etc.). In addition, the circuit courts above relied upon an interpretation of 8 U.S.C. § 1151(b)(2)(A)(i). The parties should discuss whether this is the correct launching point. The parties should also discuss 8 U.S.C. § 1186a. In particular, section 1186a(d) appears to contemplate a petition and interview taking place when the qualifying marriage "has not been judicially annulled or terminated, other than through the death of a spouse."

### *Chevron* deference

Finally, the Defendants argue that under *Chevron* principles this Court must defer to the agency's interpretation. However, if this Court finds that the meaning of "spouse" under the "immediate relative" provision is plain, we need not defer to the agency's decision. *See Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842-43 (1984) (providing if "Congress has directly spoken to the precise question at issue," then the plain meaning of the statute controls). Further, even if the statute were ambiguous, a non-precedential decision is not entitled to *Chevron* deference. *See United States v. Mead Corp.*, 533 U.S. 218, 226-27 (2001). Defendants' motion to dismiss based on *Chevron* is denied.

7

**Conclusion**

Defendants' motion to dismiss is DENIED. Defendants are ordered to file a response to Plaintiff's motion for summary judgment within ten days.

SIGNED this 16th day of June, 2009.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE